**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SUSAN MARTIN,

    Plaintiff,

vs.                                                                             CASE NO. 3:08-cv-1013-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for supplemental security income (SSI) disability payments. Plaintiff filed a legal memorandum in opposition to the Commissioner's decision (Doc. #8, Memorandum). Defendant filed a memorandum in support of the decision to deny disability benefits (Doc. #10, Opposition). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated May 13, 2009 (Doc. #11). The Commissioner has filed the transcript of the administrative proceedings and evidence (hereinafter referred to as "Tr." followed by the appropriate page number).

The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found

the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings**.

## I. Procedural History

Plaintiff, Susan Martin, filed for SSI disability benefits on July 29, 2004, alleging an onset of disability of May 10, 2001 (Tr. at 89). Plaintiff's initial application was denied, as was her request for reconsideration (Tr. at 25-34, 53-59). She timely requested a hearing, which was ultimately held on March 27, 2007, in Jacksonville, Florida, before Administrative Law Judge ("ALJ") Stephen C. Calvarese (Tr. at 437-54). Plaintiff was not present at the hearing. However, she was represented by attorney Lori Gaglione who appeared on Plaintiff's behalf and waived Plaintiff's right to testify (Tr. at 437, 451). Vocational expert ("VE") Robert C. Bradley appeared and testified at the proceedings (Tr. at 442-51). On September 7, 2007, the ALJ issued an unfavorable decision denying Plaintiff's claim for SSI (Tr. at 13-24). Plaintiff requested review of the decision by the Appeals Council (AC); but, the AC denied her request, making the hearing decision the final decision of the Commissioner (Tr. 4-6). Ms. Martin's current counsel of record, attorney Erik Berger, filed the instant complaint in federal court on October 21, 2008 (Doc. #1).

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 416.920(a)(4)(i-v)2[1]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the

relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 416.912(c).

### III. Statement of the Facts

Plaintiff was born on August 2, 1962 (Tr. 75). Thus, she was 45 years old at the time of the ALJ's decision. Ms. Martin has completed the fifth grade and there is no indication a general equivalency diploma was received (Tr. at 445). She has no past relevant work history (Tr. at 444). Plaintiff's alleged inability to work stems from cervical cancer, an ulcer and cyst in the abdominal region, major depression and other mental impairments (Tr. at 88; Memorandum at 1). She claims these conditions have caused a loss of weight, an inability to eat or sleep well, difficulty concentrating, hyperactivity, impaired memory and learning, and a dislike for being around others (Tr. at 88; Memorandum at 1). Ms. Martin also asserted that she "can't walk much due to swelling in [her] feet" ... and that she hurts "all over" (Tr. at 88). In her Disability Report-Appeal, Plaintiff claimed additional impairments, which include back problems, chest pains, headaches and muscle spasms in legs (Tr. at 136).

In his decision, the ALJ noted Plaintiff filed two previous applications for SSI, with the most recent being denied at the reconsideration level on April 5, 2004 (Tr. at 13). There was no appeal of that determination, therefore, Ms. Martin "was administratively determined to be not disabled through April 5, 2004" (Tr. at 13). Because Plaintiff again alleged she was disabled before that date, the judge determined she had constructively requested her prior application be reopened (Tr. at 13). No good cause having been shown, however, the constructive request was denied. Thus, the ALJ found that *res judicata* applied and concluded Ms. Martin was "administratively precluded from claiming

5

disability for the period prior to April 5, 2004" (Tr. at 13). He then proceeded to decide whether Plaintiff was disabled since July 29, 2004, the date the current application was filed (Tr. at 14-15).[2]

ALJ Calvarese resolved that Plaintiff had the severe combination of impairments of gastroesophageal reflux disease, a history of hepatitis C, a learning disorder and a personality disorder, but that Plaintiff's impairments did not meet or equal any listing. (Tr. at 15, 18). The judge then found Plaintiff retained the residual functional capacity (RFC) "to perform simple unskilled medium level work with allowances for personal problems" (Tr. at 20).

As it was concluded Plaintiff had no past relevant work experience, transferability of job skills was not considered. However, the ALJ obtained testimony from the VE regarding his opinion as to what jobs exist in the national and regional economies that Plaintiff could perform based on a hypothetical individual with Plaintiff's past work experience, age, and education, who is limited to simple, unskilled, medium level work (*see* Tr. at 446-47). The ALJ added that Plaintiff must avoid concentrated exposure to fumes,

---

[2] According to Plaintiff, it was error for the judge to provide her with an amended onset date of disability (*see* Memorandum at 17). However, it seems the ALJ merely determined Plaintiff could not claim disability prior to April 5, 2004, the date her last application was denied, and then considered whether she was disabled from the date of her current application. As argued by Defendant, the procedure taken by the ALJ appears to be valid (Opposition at 5) (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993), for the proposition that "[t]he proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date"). *See also, McKinzie v. Comm'r of Soc. Sec.*, No. 09-12420, 2010 WL 184056, at *1 (11th Cir. Jan. 21, 2010) (onset date amended by the plaintiff to reflect date of SSI application); *Blankenship v. Astrue*, No. 7:07cv503, 2009 WL 840379, at *1 n.2 (W.D. Va. Mar. 30, 2009) (noting *sua sponte* amendment of disability onset date).

6

odors, dust and gases, and that she requires an allowance for "personal–interpersonal problems [and] for occasional psychological problems affecting productivity" (Tr. at 446-47).

The VE testified that given these restrictions Plaintiff could perform the representative occupations of dishwasher, hand packager and assembler (Tr. at 446-48). The judge accepted the testimony of the VE regarding the existence of jobs in the national and regional economies that Plaintiff can perform despite her limitations (*see* Tr. at 24). Consequently, he found Plaintiff not disabled at Step 5 of the sequential evaluation process.

## IV. Analysis

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ failed to address all of the relevant evidence of record (Memorandum at 14). Second, she contends the judge incorrectly attributed "greater weight to the findings of a non-examining physician tha[n] to those from three different examining physicians when determining [her] mental residual functional capacity" (Memorandum at 19) (emphasis and internal quotation marks omitted).

### A. Failure to Address all of the Evidence of Record

According to Plaintiff, the ALJ neglected to consider the June 19, 2003 and February 20, 2004 psychological evaluations completed by Dr. Lauren Lucas, Ph.D., a psychologist retained by the Social Security Administration (*see* Memorandum at 15; *cf.* Tr. at 160-62, 275-77). Plaintiff maintains these evaluations directly support the findings of the other two examining physicians, that the judge discredited, and also directly contradict the ALJ's conclusions (Memorandum at 18). Defendant argues that the ALJ was not required to consider the reports and any development or discussion of the record evidence from the

7

prior application would have resulted in a de facto reopening of the past determination (*see* Opposition at 7-8).

Generally, "[a] *final decision* by the [Commissioner] will be deemed reopened if it is reconsidered on the merits to any extent and at any administrative level." *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985) (internal quotation marks omitted, emphasis added). Insofar as the first proceeding has been given *res judicata* effect, typically the medical evidence from the previous application is not reevaluated. *Robbins v. Sec'y of Health and Human Servs.*, 895 F.2d 1223, 1224 (8th Cir. 1990). An exception is made, though, where the prior medical evidence "serves as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding." *Id.* Thus, regardless of the preclusive effect of the prior decision, the ALJ here was permitted to use the evaluations in a limited manner without reopening the previous case.

In addition, this matter involves a term that was not addressed in the prior application. The ALJ in the instant case applied *res judicata* strictly to the specific time frame ending on April 5, 2004, the date of the last decision (Tr. at 13). The span following this date pertains to an unadjudicated period of time. It has been held by the Eleventh Circuit that an ALJ should not give preclusive effect to findings made in a prior application involving a different interval. *McKinzie v. Comm'r of Soc. Sec.*, No. 09-12420, 2010 WL 184056, at *1 (11th Cir. Jan. 21, 2010); *see also Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) ("Because the factual time period for [the claimant]'s current application

is different from her previous application, administrative *res judicata* does not apply.").[3]

Moreover, the Social Security Administration's (SSA's) policy is as follows:

> if a determination or decision on a disability claim has become final, the Agency may apply administrative *res judicata* with respect to a subsequent disability claim . . . if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative *res judicata*. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues *de novo* in determining disability with respect to the unadjudicated period. SSA does not adopt findings from the final determination or decision on the prior disability claim in determining whether the claimant is disabled with respect to the unadjudicated period.

*Randolph v. Astrue*, 291 F. App'x 979, 981 (11th Cir. 2008) (quoting Acquiescence Ruling 97-4(9)); *see also McKinzie v. Astrue*, No. 8:07-CV-2159, 2009 WL 652199, at *3 (M.D. Fla. Mar. 12, 2009) ("To determine disability for a subsequent unadjudicated period, the SSA considers the facts and issues *de novo*."). Consequently, where *res judicata* applies to the prior determination that Plaintiff was not disabled through April 5, 2004, it does not apply to the current application and the ALJ must weigh all the evidence presented in accordance with the Regulations. *See Luckey*, 331 F. App'x at 639 (faulting an ALJ for not specifying the weight afforded to medical opinions made during a previously adjudicated period); *cf. Burks-Marshall v. Shalala*, 7 F.3d 1346, 1348 n.6 (8th Cir. 1993) ("Treating any admission of evidence from prior claims as a waiver of the Secretary's power not to reopen . . . would

---

[3] Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

not be in the best interest of claimants. . . . Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date.").

In this case, the ALJ failed to state the weight accorded the opinion evidence of examining psychologist, Dr. Lauren Lucas. While the decision contains a cursory reference to the exhibits that contain the two psychological evaluations of Plaintiff by Dr. Lucas (*see* Tr. 20), the Court is left to wonder how this evidence was weighed and if the opinions stated therein were discounted or disregarded, why the ALJ made such a determination. Dr. Lucas examined Plaintiff at the request of the Social Security Administration's Office of Disability Determinations in Jacksonville, Florida, on two occasions during which she conducted "personality assessment[s]" as authorized (Tr. at 160-62, 275-77). In the June 2003 evaluation, the doctor expressed the opinion that Ms. Martin "is probably not psychologically competent to perform a routine repetitive task and to appreciate the need for appropriate relations among co-workers and supervisors" (Tr. at 162). She also indicated the existence of major depression; Axis II Disorder, Cluster B; and possible mental retardation (Tr. at 161). The February 24, 2004, evaluation similarly states that Plaintiff "does not appear psychologically competent to perform a routine repetitive task and to appreciate the need for appropriate relations among co-workers and supervisors" (Tr. at 277). Clinical impressions of major depression, moderate severity, recurrent; and, mild mental retardation were listed (Tr. at 276). These opinions go directly to Plaintiff's severe mental impairments and were part of the record evidence considered by the ALJ. As proper consideration of this opinion evidence might make a difference in the assessed residual functional capacity for Plaintiff, the ALJ erred in neglecting to state the weight afforded to this evidence and the reasons therefore. *See Spencer on Behalf of Spencer*

v. Heckler, 765 F.2d 1090, 1093 (11th Cir. 1985) (generally a treating source's opinion is entitled to more weight than that of an examining source, but very little weight should be given to the opinion of a reviewing physician if it is contrary to the opinion of an examining physician).[4]

### B. Non-examiner

Plaintiff next argues substantial evidence does not support the ALJ's adoption of a non-examining physician's opinions when determining her RFC (Memorandum at 19). According to Ms. Martin, the opinions of three different examining physicians "markedly differ from those offered by" Dr. Michael Zelenka, the non-examining physician (Memorandum at 19). Plaintiff claims the reasons provided by the ALJ for disregarding those opinions in favor of the non-examiner are inadequate (Memorandum at 19). On the facts of this case, the Court agrees with Plaintiff.

"Absent good cause, the opinions of treating or examining physicians must be accorded substantial or considerable weight." Delker v. Comm'r of Soc. Sec., 658 F. Supp.2d 1340, 1367 (M.D. Fla. 2009) citing Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). "The opinions of non-examining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." Hoffman v. Astrue, 259 F. App'x 213, 217 (11th Cir. 2007) (internal quotation marks omitted). The judge, though, may reject the opinion

---

[4]Although the record contains evidence Plaintiff was treated by a number of different physicians and other medical sources at Shands Jacksonville Hospital and at the Sulzbacher Center, there does not appear to be any opinion evidence from any treating source in the record (see, e.g., Tr. 186-254, 255-274, 355-403, 404-14; see also, Tr. 431 wherein Plaintiff reported Dr. Hussain at Shands Jacksonville and Dr. Robinson at the Sulzbacher Center as treating sources).

11

of any physician when the evidence supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240. Generally, the ALJ must state with particularity the weight given different medical opinions and the reasons therefore, and the failure to do so is reversible error." *Delker*, 658 F.Supp.2d at 1367.

In determining Ms. Martin's mental limitations, the ALJ gave "greater weight" to the opinions of reviewing psychologist, Dr. Michael Zelenka, than to the stated opinions of three examining psychologists (Tr. 20). As stated earlier, the ALJ did not specifically refer to the opinion evidence from Dr. Lauren Lucas. The judge's decision to give greater weight to the reviewing consultant than to the examining consultants, Drs. Jerry Valente and George Maida, was based on his findings that the opinions of Drs. Valente and Maida were inconsistent internally and with the record, and that Dr. Maida's opinion, specifically, lacked any supporting rationale (Tr. 20-21).

Regarding Dr. Maida's conclusions, the ALJ decided not to give them any weight as they were "unaccompanied by rationale[,] unsupported by other evidence in the record, and . . . inconsistent with the Plaintiff's demonstrated abilities" (Tr. at 21). A perusal of the Mental Status Evaluation prepared by Dr. Maida, however, reflects a fairly detailed explanation of the basis for his opinions (*see* Tr. at 430-33) (reciting general observations; listing Plaintiff's medical history, activities of daily living, and responses to various questions during the exam; indicating review of at least part of Plaintiff's medical record). Further, the ALJ's determination regarding the assessment that "[Plaintiff] is markedly limited in her ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness" appears to be flawed (*see* Tr. at 21). The judge claimed the marked limitations were inconsistent with Plaintiff's demonstrated abilities, yet the only evidence

12

pointed to in support of his reasoning is a February 2005 statement from the resident manager of Plaintiff's housing complex that she "was . . . able to maintain the cleanliness of her room [at] an acceptable standard" (Tr. at 21) (citation to record omitted). Not only does this statement not touch on Plaintiff's ability to maintain socially appropriate behavior, but it was given approximately two and a half years prior to the date of Dr. Maida's exam (compare Tr. 98 with 427, 430-33). The doctor specifically indicated that Ms. Martin's abilities had likely declined over that period (Tr. at 433).

The ALJ also discounted Dr. Maida's conclusion that Plaintiff was able to understand and remember very short and simple instructions without limitation because he found that conclusion was inconsistent with Dr. Maida's determination that Plaintiff would be moderately limited in her ability to carry out short and simple instructions (Tr. 20). As one's ability to remember an instruction is clearly different from one's ability to carry out that instruction, the Court does not see an inconsistency between these two functional findings. Lastly, the decision not to credit Dr. Maida's opinions was based, in part, on the absence of any supporting evidence in the record, yet the opinion evidence from the other examining sources corroborates Dr. Maida's opinion. While the ALJ is free to discount the medical opinion evidence, he may not discount the evidence and then use that as a basis to say no evidence exists. Evidence exists in the record, it is up to the ALJ to weigh it in accordance with precedent established by the Regulations and prevailing case law. The undersigned finds the ALJ's stated reasons for discounting Dr. Maida's opinion evidence are not supported by substantial evidence. Thus, this evidence must be re-weighed upon remand.

The judge also discounted examining physician Dr. Valente's conclusions that "Plaintiff is not psychologically competent to perform a routine repetitive task or to

13

appreciate the need for appropriate relations among co-workers or supervisors," because the ALJ found this opinion was not consistent with Dr. Valente's representation that "[Plaintiff] was cooperative, pleasant, lucid, tracked conversation well, and showed no evidence of distractibility" during the examination (Tr. at 20). Frankly, the undersigned questions what the inconsistency between these two findings may be. Thus, the Court is unable to ascertain if this evidence was properly weighed and the Commissioner will be directed to reevaluate the evidence of record from Dr. Valente.

## V. Conclusion

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED** and the case is **REMANDED** with instructions to: 1) state with specificity the weight accorded to the opinion evidence from Dr. Lucas, and the reasons therefore; 2) reconsider the evidence of record from Drs. Maida and Valente; and, 3) conduct any other proceedings deemed proper.

Plaintiff is cautioned that this opinion does not suggest she is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

## VI. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 (11th Cir. 2006); compare Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of March, 2010.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge